UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10556-RGS

JEANNETTE BUNTIN

v.

CITY OF BOSTON, JAMES MCGONAGLE
and SCOTT ALTHER

ORDER ON CROSS MOTIONS FOR
SUMMARY JUDGMENT

September 16, 2016

STEARNS, D.J.

In February of 2015, Jeannette Buntin, the administratrix for the estate of her late father, Oswald Hixon, sued the City of Boston and two supervisors in the Department of Public Works (DPW), alleging, *inter alia*, that the February of 2011 termination of her father's employment as a DPW heavy equipment repairman was motivated by racial discrimination and retaliation in violation of the Federal Civil Rights Act, 42 U.S.C. §§ 1981 and 1983.[1] By way of background, the court had previously dismissed Buntin's § 1981 claim because of her failure to timely file a charge with the Massachusetts

---

[1] The factual basis of Buntin's civil rights claims is set out in the court's opinion on defendants' earlier motion to dismiss. *See Buntin v. City of Boston*, 2015 WL 2165938, at *1 (D. Mass. May 8, 2015) (*Buntin I*).

Commission Against Discrimination. The court further ruled that the § 1983 claim, to the extent it was premised on Hixon's termination, was barred by the applicable three-year statute of limitations, and that Buntin had failed to plead sufficient facts to support a § 1983 claim based on defendants' alleged failure to provide Hixon a "name-clearing" hearing. *Buntin I*, 2015 WL 2165938, at *3-4. On appeal, the First Circuit affirmed the dismissal of the § 1983 claim, *see Buntin v. City of Boston*, 813 F.3d 401, 406-407 (1st Cir. 2015) (*Buntin II*), but reversed the dismissal of the § 1981 claim, holding that § 1981 does not contain an administrative exhaustion requirement. *Id.* at 405. Discovery having been concluded, the parties now cross move for summary judgment.

As a threshold matter, defendants contend that § 1981 does not authorize a private right of action against state actors. Buntin, for her part, counters that this argument has been foreclosed by the First Circuit's reversal of this court's dismissal of her claim. However, neither this court, nor the First Circuit, addressed the issue of whether § 1981 authorizes a private remedy. Although the First Circuit rejected defendants' contention that Buntin's factual allegations were too conclusory, it went no further. *Id.* at 406-407. As this case was removed to this court on the basis of federal question jurisdiction, *see* Dkt. # 1, the availability of a private right of action

under federal law is crucial to this court's exercise of subject matter jurisdiction. *See Templeton Bd. Of Sewer Comm'rs v. Am. Tissue Mills of Mass., Inc.*, 352 F.3d 33, 36-37 (1st Cir. 2003). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Id.* at 506.

> 42 U.S.C. § 1981(a) provides that
>
> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1983, separately, authorizes the remedy to bring a "[c]ivil action for deprivation of rights."

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In *Jett v. Dallas Independent School District*, 491 U.S. 701 (1989), the Supreme Court held that because Congress in § 1983 had authorized an express remedy for violations of civil rights by state actors, the courts could not superimpose an overlapping implied cause of action rooted in § 1981.

> That we have read [§ 1981] to reach private action and have implied a damages remedy to effectuate the declaration of rights contained in that provision does not authorize us to do so in the context of the "state action" portion of § 1981, where Congress has established its own remedial scheme. In the context of the application of § 1981 and § 1982 to private actors, we "had little choice but to hold that aggrieved individuals could enforce this prohibition, *for there existed no other remedy to address such violations of the statute.*" Cannon [*v. Univ. of Chi.*], 441 U.S. [677,] 728 [(1979)] (WHITE, J., dissenting) (emphasis added; footnote omitted). That is manifestly not the case here, and whatever the limits of the judicial power to imply or create remedies, it has long been the law that such power should not be exercised in the face of an express decision by Congress concerning the scope of remedies available under a particular statute.

*Id.*, at 731-732.

Two years after *Jett*, Congress amended § 1981 to add subsections (b) and (c). Subsection (b) defines the "[m]ake and enforce contracts" language of the original statute (renamed subsection (a)) to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual

4

relationship." Civil Rights Act of 1991, Pub. L. No. 102–166, 105 Stat. 1071. Subsection (c), entitled "Protection Against Impairment," provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *Id.* Of the nine Circuit Courts of Appeal that have considered the issue, all but one has interpreted the insertion of subsection (c) as *not* creating a cause of action against *state* actors.[2] *Compare Brown v. Sessoms*, 774 F.3d 1016, 1021 (D.C. Cir. 2014) ("We . . . join our sister circuits (minus the Ninth Circuit) in concluding that the Act's amendments to section 1981 did not nullify *Jett*."); *Campbell v. Forest Pres. Dist. of Cook Cty.,* 752 F.3d 665, 671 (7th Cir. 2014) ("We now join the overwhelming weight of authority and hold that *Jett* remains good law, and consequently, § 1983 remains the exclusive remedy for violations of § 1981 committed by state actors."), *cert. denied*, 135 S. Ct. 947 (2015); *McGovern v. City of Philadelphia*, 554 F.3d 114, 120-121 (3d Cir. 2009) ("In sum, because Congress neither explicitly created a remedy against state actors under § 1981(c), nor expressed its intent to overrule *Jett,* we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'" (citation omitted));

---

[2] The First Circuit has yet to rule on the issue.

*Arendale v. City of Memphis*, 519 F.3d 587, 599 (6th Cir. 2008) ("[N]o independent cause of action against municipalities is created by § 1981(c)."); *Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006) ("We therefore conclude that even after the 1991 amendments to § 1981, damages claims against state actors for § 1981 violations must be brought under § 1983."); *Oden v. Oktibbeha County*, 246 F.3d 458, 464 (5th Cir. 2001) ("Because Congress neither expressed its intent to overrule *Jett,* nor explicitly created a remedy against state actors in addition to § 1983, we are not willing to deviate from the Supreme Court's analysis of § 1981 in *Jett*."); *Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000) ("Accordingly, we conclude *Jett* still governs this case."); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n.1 (4th Cir. 1995) ("We do not believe that this aspect of *Jett* was affected by the Civil Rights Act of 1991."); *with Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204; 1213-1214 (9th Cir. 1996).

This court agrees with the Circuit majority that § 1981(c) does not overrule the holding of *Jett* and that § 1983 therefore remains the exclusive remedy for civil rights violations by state actors. The language of subsection (c) defines the scope of a right, and not a remedy. *See Chelentis v. Luckenbach S.S. Co.,* 247 U.S. 372, 384 (1918) ("The distinction between rights and remedies is fundamental. A right is a well founded or

acknowledged claim; a remedy is the means employed to enforce a right or redress an injury."). It is also telling that Congress has never expressed an intent to abrogate *Jett*. Although the 1991 Act and its legislative history overturned several Supreme Court precedents, *see* Pub. L. No. 102–166 (overruling portions of *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642 (1989); H.R. Rep. 102-40, pt. I, at 89-92 (overruling *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)), Congress made no mention of *Jett*, an opinion that issued during the same year as *Wards Cove* and *Patterson*. Congress's silence with respect to *Jett* cannot under settled rules of construction amount to a "clear and manifest" intent to repeal *Jett* by implication. *See Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 503 (1936).

Finally, pragmatic considerations also weigh against interpreting § 1981 to imply a supplemental remedy against state actors. As the First Circuit held in *Buntin II*, § 1981 has a four-year statute of limitations, 813 F.3d at 405, while in Massachusetts, § 1983 has a three-year statute of limitations, *id.* at 406. To permit a claim under § 1981, where the same claim

is time-barred under § 1983, would effectively abrogate the § 1983 limitations period.[3]

ORDER

For the foregoing reasons, defendants' motion for summary judgment is <u>ALLOWED</u> with respect to plaintiff's § 1981 claim.  Plaintiff's motion for summary judgment is <u>DENIED</u>.  Plaintiff's motion to amend the Complaint, concerning the alleged custom and/or practice of the DPW, is <u>DENIED AS MOOT</u>.  Having dismissed the foundational federal law claims, the Clerk will remand plaintiff's state law claims to the Superior Court.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff cannot circumvent the unavailability of a claim against the City by naming individual City officials as defendants.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  As Buntin has not identified any alleged discriminatory acts by individual defendants Alther and McGonagle outside of the scope of their supervisory roles at the DPW, the claims against them merge with the claim against the City, and will also be dismissed.  *Cf. Fantini v. Salem State Coll.*, 557 F.3d 22, 30 (1st Cir. 2009) ("[T]here is no individual employee liability under Title VII.").